## DECLARATION OF RICHARD FALK

I, RICHARD FALK, declare as follows:

1. I submit this declaration in support of the above-captioned petition to unseal the records before the federal grand jury convened in April and August 1971 in Boston to investigate the release of the Pentagon Papers.

2. While I was a professor of international law at Princeton University, I was subpoenaed by the grand jury in August 1971 along with other scholars who knew Daniel Ellsberg professionally and socially.  Anthony J. Russo, Ellsberg's co-defendant in the grand jury, had been my student.

3. In 1971, I was given a set of the Pentagon Papers by Ellsberg, who participated in a teach-in at Princeton to protest the Vietnam War.  Ellsberg had been carrying a set of the Pentagon Papers at the time, hoping to give it to a member of Congress who would be present at the teach-in, but they declined.  I became the default choice.

4. Two to three weeks after the teach-in, two FBI agents paid me a visit at my home in Princeton. The purpose of this visit was to question me about what I knew of the Pentagon Papers and their release.  I stated that I was a friend of Ellsberg, agreed with the Papers' release, and would not cooperate with the FBI. They left politely, saying only, "You will be hearing from us." Sometime after that visit, I was handed a subpoena in my campus office by the local FBI agent ordering me to appear before the Boston grand jury on a given date.

5. In October 1971, I appeared before the judge to quash the grand jury subpoena. My attorney, Jack Levine, introduced a motion to quash the subpoena on grounds that the government had gathered information on me through illegal wiretapping. Simultaneously, the government had filed a motion to hold me in contempt.  The government never denied nor admitted to wiretapping, so the motion to hold me in contempt was dismissed.

1

6. As one of the witnesses who was ensnared in the Pentagon Papers investigation, I support the release of the Boston grand jury records, including those pertaining to me.  The release would further government transparency and allow the American public to gain a more complete understanding of the Pentagon Papers and the government's response to the leak.  I believe that the Pentagon Papers did not contain sensitive material warranting classification, but it did reveal that the government had not been honest with the American public when discussing the Vietnam War.  Learning about the government's use of classification techniques to manipulate the American citizenry is important both for understanding the misuse of secrecy classifications to mislead and for preserving democratic accountability.  For these reasons, I support the release of the records related to the Boston grand jury investigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 26, 2018, in Santa Barbara, California.

*/s/ Richard Falk*

Richard Falk