UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL LEPORE<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | Miscellaneous Action No. 18-mc-91539-ADB |

**GOVERNMENT COUNSEL'S UNOPPOSED MOTION FOR ACCESS TO GRAND JURY MATERIALS PURSUANT TO FEDERAL CRIMINAL RULE 6(E)(3)(E)(I)**

Pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i), undersigned counsel hereby moves this court to authorize access to the grand jury materials identified in the above-captioned petition. In support of this motion, counsel states as follows.

1. Petitioners in this case seek to unseal the records of the Boston grand juries convened to investigate the Pentagon Papers in 1971. ECF No. 1; *see* ECF No. 3.

2. In order to respond to the petition, undersigned counsel must advise and confer with the appropriate decision makers at the Department of Justice. This consultation necessarily requires advising Department officials of the precise information that the petition seeks to unseal and discussing the substance of the Department's proposed response. Accordingly, undersigned counsel requires access to the sealed grand jury materials.

3. On its face, Federal Rule of Criminal Procedure 6(e)(3)(A)(I) would seem to permit all Department of Justice attorneys automatic access to grand jury materials when needed to conduct the Department's business. *See* FRCP 6(e)(3)(A)(I) (providing automatic access to "an attorney

for the government for use in performing that attorney's duty."); FRCP 1(b)(1)(A) (defining "attorney for the government" to include the "Attorney General and "an authorized assistant of the Attorney General.")

4. The Supreme Court, however, has held that automatic access is limited to those attorneys who conduct the criminal matter to which the materials pertain. *See United States v. Sells Engineering, Inc., et al,* 463 U.S. 418, 427 (1983). Accordingly, Civil Division attorneys must generally obtain a court order in accordance with Rule 6(e)(3)(E)(i), after demonstrating a particularized need to see the material at issue. *Id.* at 444.

5. As described in paragraph 2 above, undersigned counsel requires access to the grand jury materials sought by the petitioners in order to respond to the petition on behalf of the Department. Unlike the situation in *Sells Engineering*, Civil Division access is not being requested in order to bring a civil action. To the contrary, the Civil Division's interest in the grand jury materials is solely as counsel in this case for the Department, which is charged with protecting the secrecy of grand jury information.

For these reasons, the court should grant this motion and permit undersigned counsel access to the grand jury materials described in the pending Petition. A proposed order is attached.

                    Respectfully submitted,

                    ANDREW E. LELLING
                    United States Attorney

                    */s/ Annapurna Balakrishna*
                    Annapurna Balakrishna, BBO # 655051
                    Assistant United States Attorney
                    1 Courthouse Way, Suite 9200
                    Boston, MA  02210
                    Tel.:  617-748-3111
Date: March 11, 2019           Email: annapurna.balakrishna@usdoj.gov

## LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with counsel and that counsel assented to this motion.

Dated: March 11, 2019

*/s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Annapurna Balakrishna, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: March 11, 2019

*/s/ Annapurna Balakrishna*
Annapurna Balakrishna
Assistant U.S. Attorney