UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JILL LEPORE,<br>      Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>      Respondent. | Miscellaneous Action No. 18-mc-91539-ADB |

**THE UNITED STATES OF AMERICA'S MOTION TO DISMISS**

The grand jury system relies on secrecy. This secrecy allows witnesses to testify openly and honestly and protects the privacy of targets who may never be indicted. These interests are so important that the text of Fed. R. Crim. P. 6(e) specifies when a court may authorize disclosure. The exceptions listed in the rule are not intended as examples. They are finite limitations.

Petitioner, a historian and academic, has asked this Court to unseal some grand jury records from 1971 because she hopes they might help her with her academic research. But because nothing in the text of Rule 6(e) allows a court to disclose grand jury records for such reasons, Petitioner asks the court to use its "inherent authority" to unseal them. But as the D.C. Circuit recently held when confronted with a similar request, the Court does not have "inherent authority" to disclose grand jury records for reasons others than those articulated in Rule 6(e). *McKeever v. Barr*, 920 F.3d 842, 845 (D.C. Cir. 2019). *McKeever* is consistent with decisions from the Supreme Court and the First Circuit regarding the importance of grand jury secrecy.

For these reasons, the Court should deny the Petition and dismiss this case. But even if the Court concludes that it has inherent authority to disclose historically significant records, Petitioner's broad and unfocused request would not merit such extraordinary relief.

Specifically, Petitioner has not structured her request to cover only the material that she needs. Instead, she wants the Court to unseal everything. Moreover, Petitioner has stated that she wants the records to flesh out scholar Samuel Popkin's experience with the grand jury. The rule does not prevent Popkin from disclosing his experiences to Petitioner. That Popkin is able and willing to do so undercuts Petitioner's argument that these documents are necessary for her research. The Petition can be denied for this reason as well.

A statement of facts and a memorandum of law accompany this motion.

Respectfully submitted,

The United States of America

By its attorney,

ANDREW E. LELLING
United States Attorney
District of Massachusetts

By:   /s/ Annapurna Balakrishna
Annapurna Balakrishna
Assistant United States Attorney
(617) 748-3111
annapurna.balakrishna@usdoj.gov

June 14, 2019

## Local Rule 7.1 Certification

I certify that I conferred with Plaintiff's counsel before filing this motion.

/s/ Annapurna Balakrishna
Annapurna Balakrishna

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on:

June 14, 2019                                /s/ Annapurna Balakrishna
Annapurna Balakrishna