UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Jill Lepore,
        Petitioner,

v.

United States of America,
        Respondent.

Misc. Action No. 18-mc-91539-ADB

**MEMORANDUM IN SUPPORT OF RESPONDENT'S MOTION FOR AN ORDER STAYING THE EXECUTION OF THE COURT'S ORDER PENDING APPEAL**

Petitioners in this case seek to unseal the records of the Boston grand juries convened to investigate the Pentagon Papers in 1971.  ECF No. 1; *see* ECF No. 3.  On February 4, 2020, the Court, after partially granting and partially denying Respondent's motion to dismiss, ordered the Government to propose redactions to transcripts and exhibits for those witnesses who submitted declarations in favor of release and noted that "the Court will consider, upon the request of the Government, staying the execution of its final order pending appeal."  ECF No. 38.[1]

As the Court noted in its decision, "[a] circuit split exists as to whether courts have inherent authority to disclose grand jury records outside of the reasons enumerated in Rule 6(e)(3)."  ECF No. 38 at 5.  In so doing, the Court observed that the Second, Seventh, and Eleventh Circuits have held that courts have such authority while the D.C. Circuit and the Eighth Circuits have not.  *Id.*  Significantly, on January 21, 2020, the United States Supreme Court denied a request for certiorari

---

[1] The Court's order also stated that "[t]he Government may also propose redacting or withholding transcripts and exhibits for those witnesses who are deceased" and provided a process by which the government could object to the disclosure of "any other documents."  ECF No. 38.  The Government is not withholding or proposing redactions to any documents covered by these parts of the Court's order.

filed by the unsuccessful petitioner in the D.C. Circuit case. *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019), *cert. denied*, ⸺ U.S. ⸺, 140 S. Ct. 597, ⸺ L.Ed.2d ⸺ (2020).

In addition, on March 27, 2020, the Eleventh Circuit overruled its previous precedent to hold:

> Rule 6(e) is exhaustive. District courts may only authorize the disclosure of grand jury materials if one of the five exceptions listed in Rule 6(e)(3)(E) applies; they do not possess the inherent, supervisory power to order the release of grand jury records in instances not covered by the rule.

*Pitch v. U.S.*, ⸺ F.3d ⸺ 2020 WL 1482378 at * 11 (11th Cir. Mar. 27, 2020) (en banc) (overruling *In re Petition to Inspect & Copy Grand Jury Materials (Hastings)*, 735 F.2d 1261 (11th Cir. 1984)).

This development may cause the Second and Seventh Circuits to reconsider *In re Petition of Craig*, 131 F.3d 99 (2d Cir. 1997) (*Craig*) and *Carlson v. U.S.*, 837 F.3d 753 (7th Cir. 2016). *Craig*, now 20 years old, contained little analysis of the text of Rule 6(e) or the Supreme Court decisions regarding grand jury secrecy and relied chiefly on *Hastings*, which is no longer good law. 131 F.3d at 102-103; *cf. Pitch*, 2020 WL 1482378 at * 11. Similarly, the Seventh Circuit may also take another look at its divided decision in *Carlson*, which relied on *Craig* and *Hastings*. *See Carlson*, 837 F.3d at 766.

Given the uncertain state of the law on this issue, that the First Circuit has yet to weigh in, and that the door cannot be shut once it has opened, Respondent respectfully requests that the Court stay execution of its February 4, 2020, order until either: 1) 60 days has elapsed after the

entry of judgment without an appeal, *see* Fed. R. App. P. 4(a)(1)(B); or 2) the First Circuit resolves any appeal in this case.

                                                Respectfully submitted,

                                                ANDREW E. LELLING
                                                United States Attorney

                                                */s/ Annapurna Balakrishna*
                                                Annapurna Balakrishna, BBO # 655051
                                                Assistant United States Attorney
                                                Tel.:  617-748-3111
                                                Email: annapurna.balakrishna@usdoj.gov